EDWARD S. BREWER *et al. vs.* ANNA NASH *et als.*

The opinion heretofore given in this case, 16 R. I. 458, affirmed.

When, after a defective exercise of the powers of sale contained in a mortgage, the mortgagors receive the surplus proceeds of the sale ignorant of the defects in the sale, but after learning the defects continue to keep such proceeds, they are estopped from denying the purchaser's title. They cannot at the same time repudiate the sale and enjoy the benefits of it.

BILL IN EQUITY for an injunction. On demurrer to the cross bill set up in the answer.

*Providence, July* 16, 1892. PER CURIAM. This case was before the court at a former term upon demurrer to the bill. *Brewer* v. *Nash,* 16 R. I. 458. It was then held that if the respondents continued to keep the proceeds of sale after learning of the defects which are supposed to invalidate it, they were equitably estopped from denying the complainant Brewer's title. Since that decision the respondents have answered the bill, and pray by way of a cross bill set up therein that an account may be taken of the sums, if any, that the complainant, Brewer, is entitled to receive, and that they may be allowed to redeem their respective interests in the land upon payment of their respective portions of such sums as the court shall order. The complainants have demurred to so much of the answer as is filed as a cross bill.

The answer does not aver that the respondents have repaid or tendered to the complainant, Brewer, the moneys received by them from the sale. They attempt to excuse their failure to do so upon the ground that the money was mixed with the proceeds of other property, and used in part to pay the debts of the estate of their

father, George M. Nash, and that they received only the amount not so used; that, at the time they became aware of the alleged defects in the sale, they had spent the money, and since have been indigent, and unable to do more than to supply themselves with the necessities of life. We do not think the excuse is sufficient to dis-. pense with the necessity for repayment or tender. The respondents have no right to the purchase-money which they have received and used unless the title to the property passed to the purchaser. The retention of it puts the respondents in the position of having ratified the sale, and therefore they cannot be heard to impeach its validity so long as the money is retained. That the respondents are too poor to replace the money which they have spent is their misfortune, but it does not take away the equitable right of the complainant, Brewer, to have it restored to him if they repudiate his title. We are still of the opinion that they cannot proceed to recover the land until they have repaid or tendered the purchase-money.                                        *Demurrer sustained.*

*Cyrus M. Van Slyck*, for complainants.

*Albert B. Crafts*, for respondents.